MEMORANDUM *
Plaintiff-Appellant Charles E. Anderson (“Anderson”), as Trustee of Painters District Council No. 30 Pension Fund (“Pension Fund”) and as Secretary Treasurer of Painters District Council No. 30 (“Union”), appeals from the district court’s order finding that only three of nine challenged transfers of assets to Defendant-Appellee Celeste Michaelson violated the Arizona’s Uniform Fraudulent Transfer Act, § 44-1004(A)(1), and entering judgment against Celeste Michaelson in the amount of $97,922.24.
Before commencement of this action, Anderson and the Union and Pension Fund had brought an adversary complaint in bankruptcy proceedings against Celeste Michaelson’s ex-husband, Kevin Michael-son, alleging that Kevin Michaelson defrauded the Union and Pension Fund in violation of the bankruptcy code. In 1998, the Union and Pension Fund obtained a judgment in the amount of $269,674.51 against Kevin Michaelson.
Unable to collect on the judgment against Kevin Michaelson, Appellant Anderson, the Pension Fund’s trustee and the Union’s Secretary Treasurer, brought this action against Celeste Michaelson, alleging that nine categories or individual transfers of assets from Kevin Michaelson to Celeste Michaelson made from 1994 through 1998 violated Arizona’s Uniform Fraudulent Transfer Act.[1]
*255 The matter was tried before a magistrate judge in a three day bench trial.[2] The district court concluded that three of the nine challenged transfers were indeed fraudulent, specifically: (1) $50,100 in wages paid by Kevin Michaelson to Celeste Michaelson after the date of Kevin Michaelson’s insolvency,[3] (2) $36,000 in wages paid from CW Painting & Decorating, Inc. and ES Supply to Celeste Michaelson’s company, CCK Management (founded in 1998), at Kevin Michaelson’s direction; and (3) $10,000 paid toward the 1996 purchase of the Desert Mountain property in Scottsdale, Arizona.
The district court then entered a judgment against Celeste Michaelson in the amount of $96,100, plus prejudgment interest. Thereafter, Anderson filed a post-judgment motion to amend findings (ie., to add a finding that the remaining transfers were fraudulent) pursuant to Fed.R.Civ.P. 52(b), which the district court denied.
Anderson now appeals on the grounds that: (1) the district court erred in applying improper standards when he held that six transactions were not fraudulent under Arizona’s Uniform Fraudulent Transfer Act; (2) the district court erred in finding that a letter from Celeste Michaelson’s attorney was protected by attorney-client privilege; and (3) the district court erred by failing to consider whether Celeste Michaelson knew or should have known of Kevin Michaelson’s fraudulent intent.
I.
We review the district court’s findings of fact for clear error and conclusions of law de novo. See Fed.R.Civ.P. 52(a); see also Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080,1088 (9th Cir.2002).
First, we affirm the district court’s conclusions that the following transactions were fraudulent: (1) $50,100 in wages paid by Kevin Michaelson to Celeste Michael-son after the date of Kevin Michaelson’s insolvency; (2) $36,000 in wages paid from CW Painting & Decorating, Inc. and ES Supply to Celeste Michaelson’s company, CCK Management (founded in 1998), at Kevin Michaelson’s direction; and (3) $10,000 paid toward the 1996 purchase of the Desert Mountain property in Scottsdale, Arizona. The district court did not clearly err in finding that these transfers were fraudulent under A.R.S. §§ 44-1004(A)(2) and 44-1005.
Second, Anderson argues that in concluding that only those wage payments made by Kevin Michaelson to Celeste Michaelson after he became insolvent were fraudulent, the district court erroneously *256 required proof of insolvency as a prerequisite to finding actual fraud under A.R.S. § 44-1004(A)(l).
We agree. The district court committed legal error in ruling that insolvency was outcome determinative for purposes of A.R.S. § 44-1004(A)(l). Compare A.R.S. § 44-1004(A)(l)[4] (no requirement of a showing of insolvency at the time the transfer was made) with A.R.S. § 44-1005[5] (requiring a specific showing of insolvency at the time the transfer was made). See also Linder v. Lewis, Roca, Scoville & Beauchamp, 85 Ariz. 118, 128, 333 P.2d 286, 293 (Ariz.1958) (noting that “insolvency of the judgment debtor [is not required] to support a finding of a fraudulent conveyance”).
The district court concluded that it did not need to reconsider the actual fraud claim because it was relying on A.R.S. § 44-1004(A)(2). However, Anderson proceeded under both A.R.S. § 44-1004(A)(1) and (A)(2) and the district court was obligated to consider each transfer in question under both standards because these are separate and distinct inquires. Unlike constructive fraudulent transfers under A.R.S. § 44-1004(A)(2), the statutory language of actual fraud under § 44-1004(A)(1) clearly has no requirement of either a finding that there was insufficient consideration given to the transferor, or that the transferor is insolvent at the time of transfer. The plain language of the statute requires only a showing of the transferor’s intent to “hinder, delay or defraud any creditor of the debtor.” A.R.S. § 44-1004(A)(1). Insolvency is only one of the factors from which actual fraudulent intent may be inferred; pre-insolvency claims are not impermissible because insolvency is not mandatory under § 44-1004(A)(1).
This legal error permeates the district court’s findings with respect to all transactions at issue here which he did not invalidate. Accordingly, we reverse the district court’s decision with respect to those transactions on appeal which he deemed not fraudulent merely because Kevin Michaelson was not insolvent at the time of such transfers, and, as discussed below, remand to the district court to make determinations consistent with this Memorandum.
Third, we conclude that the district court erred in failing to make any findings with respect to those remaining transfers he deemed not fraudulent. See Fed. R.Civ.P. 52(a) (“[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon”). The limited rationale provided to deny the actual fraud claim— that the testimony of Anderson’s expert *257 witness Phillip Miller was not credible — is insufficient here. The district court failed to recognize that uncontested evidence in the record could support a finding by clear and convincing evidence of fraudulent conveyance, regardless of the quality of the presentation or the credibility of Anderson’s witness. See A.R.S. § 44-1004(B) (outlining badges of fraud supporting a showing of actual fraud under § 44-1004(A)(1)). Arizona law provides that even a single badge of fraud “may establish and stamp a transaction as fraudulent” and that where “several are found in the same transaction, strong, clear evidence will be required to repel the conclusion of fraudulent intent.” Gerow v. Coville, 192 Ariz. 9, 17, 960 P.2d 55, 63 (Ariz.Ct.App. 1998) (quoting Torosian v. Paulos, 82 Ariz. 304, 312, 313 P.2d 382, 388 (1957)).
Because it is generally inappropriate for an appellate court to make such findings in the first instance, we remand for further findings. The district court should consider the uncontested facts and determine whether Anderson has demonstrated actual fraudulent intent by clear and convincing evidence, and whether Celeste Michaelson presented sufficient evidence to rebut a showing of fraud.
II.
Next, Anderson argues that the district court erred in concluding that the letter from Celeste Michaelson’s attorney to her regarding the 1995 post-nuptial agreement was protected against disclosure by the attorney-client privilege.
We review the district court’s determination that the letter was privileged de novo, see United States v. Wiseman, 274 F.3d 1235, 1244 (9th Cir.2001), and we affirm. We conclude that the district court did not err in holding that Celeste Michaelson did not waive the attorney-client privilege because she did not rely at trial on the advice-of-counsel defense. Nor does the crime-fraud exception to the attorney-client privilege apply here. See State v. Fodor, 179 Ariz. 442, 450, 880 P.2d 662, 670 (Ariz.Ct.App.1994) (holding that the crime-fraud exception did not apply where plaintiff failed to establish that attorney was retained for the express purpose of promoting fraud).
III.
Finally, the district court did not err in failing to make findings about Celeste Michaelson’s intent with respect to the transfers at issue, because under the fraudulent transfer law, the transferee’s intent is not material. It is only the transferor’s intent that is material. See A.R.S. § 44-1004.
Each party shall bear its own costs on appeal.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. Those nine categories or individual transfers of assets alleged in the complaint to be fraudulent transfers from Kevin Michaelson to Celeste Michaelson are as follows: (1) wages paid from Kevin Michaelson to Celeste Michaelson between 1995 and 1998; (2) wages paid from CW Painting & Decorating, Inc. and ES Supply to Celeste Michaelson’s company, CCK Management (founded in 1998) at Kevin Michaelson's direction; (3) a downpayment toward the 1996 purchase of the Desert Mountain property in Scottsdale, Arizona; (4) transfer of the Michaelson residence in St. Charles, Illinois; (5) transfer of the Michaelson residence in Carol Stream, Illinois; (6) transfer of $50,000 in a North Carolina checking account; (7) transfer of Kevin Michaelson’s residence on Gazebo *255 Lane in Lombard, Illinois; (8) transfer of Kevin Michaelson’s interest in the residence located on 79th Street in Scottsdale, Arizona; and (9) transfer of Kevin Michaelson’s interest in the Michaelsons’ 1996 joint tax return. As noted below, the district court found that transactions (l)-(3) were fraudulent (with respect to wages paid after the date of Kevin Michaelson’s insolvency). On appeal, however, Anderson does not argue that the district court erred in concluding that transactions (8) and (9), supra were not fraudulent. Accordingly, these claims are waived. See Laboa v. Calderon, 224 F.3d 972, 981 n. 6 (9th Cir.2000) (issues not specifically and distinctly argued in the appellant’s opening brief are waived on appeal).

. Pursuant to 28 U.S.C. § 636(c) and Fed. R.Civ.P. 73, the parties agreed that the magistrate judge conduct the proceedings in this case, including trial and entry of a final judgment.

. The district court determined that Kevin Michaelson was insolvent "as of the date of his and his company’s bankruptcies.” On December 16, 1996, Epic Painting & Decorating, Inc., a company owned by Kevin Michaelson, filed a Chapter 7 bankruptcy petition. On March 4, 1997, Kevin Michaelson also filed for bankruptcy under Chapter 7.

. A.R.S. § 44-1004(A)(l) provides, in pertinent part:
A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor’s claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation ... with actual intent to hinder, delay or defraud any creditor of the debtor.
A.R.S. § 44-1004(A)(l).

. A.R.S. § 44-1005 provides, in pertinent part:
A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at the time or the debtor became insolvent as a result of the transfer or obligation.
A.R.S. § 44-1005 (emphasis added).